# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER 1997 SESSION



FILED

December 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

WENDALL S. RUSSELL,

    Appellant,

V.

HOWARD CARLTON, WARDEN,
& STATE OF TENNESSEE,

    Appellee.

) C.C.A. No. 03C01-9701-CR-00006
)
) Johnson County
)
) Honorable Lynn W. Brown, Judge
)
)
)
) (Habeas Corpus-Rape)
)

FOR THE APPELLANT:

Mark H. Toohey
Attorney at Law
158 Cherokee Street
Kingsport, TN 37660

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Wendall S. Russell, was convicted by a jury of rape. He was sentenced to fifteen years incarceration in the Tennessee Department of Correction. He, thereafter, filed a petition for habeas corpus relief. In his petition he alleged that the indictment against him was insufficient for failing to allege a mens rea. He contends his conviction is void. The trial court dismissed the petition finding that it was not proper for habeas corpus review. The trial court based this finding on the fact that the appellant's conviction was not void on its face and that his sentence had not expired. He appeals this dismissal. Upon review, we affirm.

The appellant contends that the indictment against him did not sufficiently allege the mens rea for aggravated rape.[1] The appellant bases his theory on State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, filed June 20, 1996). The Tennessee Supreme Court has recently reversed Hill holding that the indictment was constitutionally and statutorily valid. State v. Hill, No. 01-S-01-9701-CC-00005 (Tenn. Nov. 3, 1997). The Court held the following:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and

---

[1] The indictment against the appellant stated that he "did unlawfully and feloniously, and against his will, have sexual penetration of [the victim] with said act being accomplished by force or coercion and the defendant being armed with a deadly weapon or an article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon, all contrary to T.C.A. § 39-2-603 . . . ."

(3) the mental state can be logically
inferred from the conduct alleged.

Id. at 3.


In this case sub judice, we find that the appellant's indictment sufficiently alleged the elements of aggravated rape and was constitutionally and properly drafted. The facts as alleged in the indictment make the mental state required for conviction logically obvious. The appellant was fully apprised of the charges against him in ordinary and concise language. His indictment gave the convicting court an adequate basis for subject matter jurisdiction. Therefore, the appellant's conviction is not void and is improper for habeas corpus review.

Accordingly, we find no error of law mandating reversal. The judgment of the trial court is affirmed.


_____
PAUL G. SUMMERS, Judge


CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

-4-

_____
J. CURWOOD WITT, Judge